[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACT
The plaintiffs, Charles M. Dubois and Faye H. Dubois are the owners of two parcels of land in the City of Meriden referred to on the assessor's records of the City as block 99, lots 75 and 75A. The plaintiffs acquired this property by warranty deed dated July 9, 1973.
The plaintiffs' predecessor in title had acquired the property as two separate conveyances. The first was acquired on January 19, 1940 and the second parcel was acquired on May 15, 1942.
When the plaintiffs acquired the property, their deed contained a boundary description which described the two tracts in a single description.
A residential structure has been constructed on lot 75A Lot 75 contains no structures. On March 15, 1995, the plaintiffs' attorney wrote to the Zoning Enforcement Office of the City of Meriden seeking confirmation that the plaintiff had two non conforming lots of record. On May 19, 1995, the planning department of the City ruled that the lots had merged and the plaintiff had one building lot. On May 19, 1995, the plaintiff appealed the ruling of the Zoning Enforcement Officer to the Zoning Board of Appeals of the City of Meriden. On August 1, 1995, the Zoning Board of Appeals on a motion made and seconded to "overrule the Zoning Enforcement Officer's ruling. . ." voted zero in favor, five opposed to the motion.
AGGRIEVEMENT
The court finds that sufficient evidence was introduced to establish that the plaintiffs are the owners of the lots in question and accordingly are aggrieved. CT Page 2319
DISCUSSION
The plaintiffs raised issues concerning the Zoning Board of Appeals receipt of a legal opinion after the close of the public hearing as well as a claim that because there was no motion to disapprove the plaintiffs' application was approved pursuant to § 8-7d.
This court is not prepared to find that a unanimous vote refusing to overrule the Zoning Enforcement Officer amounts to inaction so as to entitle the plaintiffs to an approval under § 8-7d. Neither is this court, under the facts before it, prepared to reverse the actions of the Zoning Board of Appeals because the Zoning Board obtained a legal opinion subsequent to the close of the public hearing. It is clear that Connecticut Land Use Agencies may consult with their own staffs after the close of the public hearing.
This court is going to sustain the appeal and direct the Meriden Zoning Board of Appeals to reconsider its decision. Section 213-10[320.1] of the local regulations reads as follows:
 "Lots of record. Any lot or parcel of land of record or any lot for which final subdivision approval has been granted in accordance with the ordinances in effect prior to the effective date of this chapter may be used as a building lot even when of less area or width or depth then that required by the regulation for the district in which it is located, subject also to the requirements of all other sections of this chapter and provided that it is in separate ownership from any adjoining lot on the effective date of this chapter or, if such adjoining lot is in the same ownership. one is developed as of the effective date of this chapter. [Emphasis added]."
Staff comments submitted at the public hearing give a clear indication of the Zoning Board of Appeals reasoning in sustaining the Enforcement Officer and of the Officer's reasoning in arriving at his conclusion. Those staff comments read as follows:
 "The ZEO has consistently ruled on all properties where a transfer is made with a legal description showing only one lot that the intention was made CT Page 2320 to create one lot. The property had two separate deeds and two separate descriptions in the 1940's. The buyers purchased the property with only one deed and one legal description, abandoning any right to two separate non-conforming lots. Each previous lot would have only 6,900 square feet of land area or slightly more than half of what is required. [Emphasis added]."
In the absence of the last two clauses of § 32.1 "if such adjoining lot is in the same ownership, one is developed as of the effective date of this chapter," the court would agree with the City that the protection of non-conforming lots is essentially a matter of intention. The court also recognizes that § 8-2 was amended in response to a Supreme Court opinion to provide "such regulations shall not provide for the termination of any non-conforming use solely as a result of non-use for a specified period of time without regard to the intent of the property owner to maintain that use." While the statute appears to mandate a consideration of intent to abandon as an essential element in evaluating a non-conforming use, this court is concerned not with a non-conforming use but with a non-conforming lot. Nothing in § 8-2 addresses the question of a non conforming lot.
Each side in the instant case has ably briefed the question of the general Connecticut case law concerning the consolidation of previously non-conforming lots. The court agrees that as a general matter this is a question of intention and that as Meriden has found in this case intention may very well be evidenced by the combining of two tracts into a single description.
The court can find no evidence that the local agency considered the question of whether or not the second lot was developed. The record supports the conclusion that no structures had been constructed on the second lot but nothing in the record clearly answers the question of what activities took place on the second lot, if any, nor has the local agency addressed the question of the meaning of the word "developed" in its own regulation.
This court is reviewing the actions of the Meriden Zoning Board of Appeals. In the instant case, it appears to the court that the Meriden Zoning Board of Appeals has not considered the CT Page 2321 question before the court with reference to the applicable regulation. Accordingly, the matter is remanded to the Zoning Board of Appeals to determine whether the lots in question are "in the same ownership" and more importantly whether "one is developed" as of the effective date of this chapter. The court would also observe, without so holding, that while a literal reading is "one is developed" the meaning would appear to be that one is developed and one is not developed.
It is for the Meriden Zoning Board of Appeals in the first instance to interpret its regulation concerning lots of record and to make factual finding in accordance with the regulation as to whether or not the plaintiff possesses one lot of record or two lots of record. The appeal is sustained and the matter is remanded to the Meriden Zoning Board of Appeals for action consistent with this opinion.
The court by
Kevin E. Booth, Judge